RECEIVED
DEC - 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JILL P. BROSS, ET AL | CIVIL ACTION NO. 06-1523 |
| VERSUS | JUDGE DOHERTY |
| CHEVRON U.S.A., INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is the "Motion for Jury Trial" [Doc. 67] filed by plaintiffs Jill Bross, individually and on behalf of the Alan D. Bross Estate and Alan C. Bross, and Kacey Bross. The motion is opposed by defendant Chevron USA, Inc. [Doc. 68]. For the following reasons, the plaintiffs' motion is GRANTED.

### I. Factual and Procedural Background

This lawsuit arises out of the death of Alan D. Bross, a diver, who was killed on February 28, 2006 when he fell from a production platform owned by defendant Chevron USA., Inc. ("Chevron"). Plaintiffs, Bross's surviving wife and two children, sued Chevron for negligence in failing to close its platform (the Zulu structure) which had been damaged by Hurricane Katrina, failing to timely repair the platform, and violating the provisions of its Federal Management Plan and other federal regulations. Chevron, in turn, filed a third-party demand against Qualitech Services, Inc., the company that provided to Chevron the diving superintendent services of the decedent, and its insurance companies to recover contractual indemnification. Additionally, Louisiana Workers' Compensation Corporation filed an intervention to recover benefits paid to the

Bross survivors pursuant to the Longshore & Harbor Workers' Compensation Act.

In their complaint, filed on September 6, 2006, plaintiffs invoke this Court's jurisdiction under the tort law of the State of Louisiana, the Death on the High Seas Act, 46 U.S.C. §761(a), and as a borrowed employee of the defendant under the Jones Act, 46 U.S.C. §688. Plaintiffs do not request a jury trial in their complaint.

In the instant motion, plaintiffs request a jury trial, alleging they identified diversity jurisdiction as the basis for jurisdiction in this Court in their complaint, and on grounds the case is also brought pursuant to the Jones Act, which statutorily confers the right to a jury trial. Chevron opposes the motion on grounds the plaintiffs did *not* allege diversity jurisdiction in their complaint, and plaintiffs have therefore waived their right to a jury trial under the Jones Act by failing to timely request one.

## II. Law and Discussion

Rule 38(a) of the Federal Rules of Civil Procedure states "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Fed.R.Civ.P. 38(a). Rule 38(b) entitles a party to a jury trial on any issue triable by a jury if a demand is served "not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b). See also *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir. 1984). Pursuant to Rule 38(d), "[a] party waives a jury trial unless its demand is properly served and filed. . . ." Fed.R.Civ.P. 38(d).

Although plaintiffs would not be entitled to a jury trial under the Death on the High Seas Act, the plaintiffs are statutorily entitled to a jury trial under the Jones Act. *Rachal v. Ingram Corp.*, 795 F.2d 1200, 1213 (5th Cir. 1986) ("In a nondiversity action under the Jones Act ... the seaman, on

proper request, is entitled to a jury trial only by virtue of the Jones Act statutory grant."), citing *Fitzgerald v. United States Lines*, 374 U.S. 16, 21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963).

The record shows the plaintiffs did not request a jury trial in their Complaint, nor did they invoke the Court's diversity jurisdiction as they erroneously allege. Additionally, Chevron did not request a jury trial in its answer, nor did plaintiffs request a jury within ten days of the filing of Chevron's answer. Thus, plaintiffs have not served a demand for a jury trial within 10 days after service of the last pleading directed to the issue for which the jury trial is sought. Consequently, plaintiffs have waived their right to a jury trial.

A party may seek relief from the waiver of the right to a jury trial by filing a motion under Rule 39(b), which states,

> **(b) When No Demand Is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. *But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.*

Fed.R.Civ.P. 39(b) (emphasis added). It is well-settled in the Fifth Circuit that the decision to grant a Rule 39(b) motion for relief from waiver of a jury trial is discretionary with the district court. Moreover, the Fifth Circuit has held "a district court generally should grant a Rule 39(b) motion to permit a jury trial '*in the absence of strong and compelling reasons to the contrary.*'" *See, e.g., Fredieu*, 738 F.2d at 653-54 (emphasis added), citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir.1980). As the Fifth Circuit stated in *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*,

> . . . the seventh amendment confers a fundamental right. This modifies the usual approach to review of abuse of discretion. "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial *in the absence of*

> *strong and compelling reasons to the contrary."* Id. at 409. *A motion for trial by jury under this rule "should be favorably received unless there are persuasive reasons to deny it."*

916 F.2d 1061, 1064 (5th Cir.1990) (emphasis added), *citing United States v. Unum*, 658 F.2d 300, 303 (5th Cir.1981). Notwithstanding the foregoing, the Fifth Circuit has also upheld a district court's decision to deny relief under Rule 39(b) "when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party." *Fredieu*, 738 F.2d at 654, *citing Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir.), *cert. denied*, 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970).

The instant motion is not filed as a motion pursuant to Rule 39(b). Nevertheless, given the nature of the relief requested by plaintiffs, this Court construes the motion as a motion seeking relief pursuant to Rule 39(b).

In *Daniel*, the Fifth Circuit identified five factors for courts to consider in resolving motions filed pursuant to Rule 39(b), as follows:

(1) whether the case involves issues which are best tried to a jury;
(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
(3) the degree of prejudice to the adverse party;
(4) the length of the delay in having requested a jury trial; and
(5) the reason for the movant's tardiness in requesting a jury trial.

916 F.2d at 1064, citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). *See also Quillin v. Penrod Drilling Co.*, 648 F.Supp. 462, 463-64 (E.D.Tex.1986).

Applying the foregoing factors to the instant case, the Court concludes this case does not present strong and compelling reasons to deny plaintiffs their right to their statutorily protected –

albeit waived – right to a jury trial. The issues in this case are as easily tried to a jury as they are tried to a judge. Furthermore, there would be no disruption in the Court's schedule if this case is tried to a jury, and Chevron has not argued that trying this case to a jury will disrupt its schedule. Although the plaintiffs delayed approximately one year in requesting a jury, and although plaintiffs have failed to provide a reason for their failure to request a jury,[1] Chevron has not sufficiently described how it would be prejudiced if this case were converted to a jury trial. Indeed, this Court recently granted a trial continuance of approximately seven months in this case. It is, therefore, highly unlikely that Chevron has been prejudiced in its trial preparation.[2]

Chevron's only reason for opposing the instant motion appears to be that plaintiffs' request is untimely. After review of the record and the briefs of the parties in this case – which involves the death of a man on a Chevron platform – this Court concludes Chevron has failed to present the type of strong and compelling reasons required to deny the instant motion.

### III.  Conclusion

For the foregoing reasons, plaintiffs' motion for jury trial [Doc. 67] is GRANTED.

THUS DONE AND SIGNED in Lafayette, Louisiana on this ___ day of December, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] Although plaintiffs' motion does not indicate a reason for their failure to timely request a jury, plaintiffs' counsel stated at the October 30, 2007 telephone status conference with the Court he believed that he had requested a jury. Thus, it appears the plaintiffs' failure to timely demand a jury was inadvertent.

[2] This Court would point out that the trial continuance was occasioned by the filing of Chevron's third-party demand against Qualitech Services, Inc. and XL Specialty Insurance Co., which resulted in additional time being necessary for Chevron and its insurers to investigate and potentially resolve coverage issues. This Court notes that although plaintiffs did not oppose the motion to continue, at the October 30, 2007 telephone status conference with the Court, plaintiffs' counsel argued strongly against a trial continuance of seven months, citing prejudice to his client in such a lengthy delay. Given this Court's crowded docket, however, the trial could not be set before July 2008. Considering that the trial was continued for seven months, this Court concludes Chevron could not have been prejudiced in its trial preparation.