RECEIVED
MAR 2 5 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JILL P. BROSS, ET AL | CIVIL ACTION NO. 06-1523 |
| VERSUS | JUDGE DOHERTY |
| CHEVRON U.S.A., INC., ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is the "Motion for Summary Judgment" filed by third-party defendant XL Specialty Insurance Company ("XL Specialty") on January 23, 2009, wherein XL Specialty seeks "a ruling that no coverage exists under the policy of liability insurance which XL Speciality issued to Qualitech Services, Inc., and a dismissal from the Third Party Complaint of Chevron U.S.A., Inc, with full prejudice" [Doc. 120]. On February 6, 2009, XL Specialty filed an "Amended Motion for Summary Judgment," wherein XL Specialty re-urges its motion seeking dismissal of Chevron's Third-Party complaint and further seeks "a dismissal from the Cross-Claim of Qualitech Services, Inc., with full prejudice" [Doc. 147].

XL Specialty Insurance Company ("XL") is the excess marine insurer providing a bumbershoot policy to Qualitech. Chevron is an additional insured under that policy. In the instant motion filed on January 23, 2009, XL seeks summary judgment on grounds no coverage exists – *vis-a-vis Chevron* – under that policy, as well as a dismissal of the third-party complaint filed by Chevron against XL.

The XL policy contains an exclusion which states:

This insurance does not apply to:

> 11. Any liability for, or any loss, damage, injury or expense caused by, resulting from or incurred by reason of:
>
>    d. any liability or expense arising out of the ownership, use or operation of drilling rigs, drilling barges, drilling tenders, platforms, flow lines, gathering stations and/or pipelines, but this exclusion shall not apply to craft serving the foregoing such as crew, supply, or utility boats, tenders, barges or tugs.

Thus, as stated in general terms, the policy excludes liability arising out of ownership or use of the platform, but does not apply the exclusion to craft serving the platform. Considering the foregoing, and in an effort to determine whether, under existing law, there can exist a claim against Chevron that would arise out of the vessels that were servicing the platform as opposed to the platform itself, on March 10, 2009, this Court issued a minute entry requiring the parties to inform this Court whether they to objected to certain allegations contained in XL Specialty's brief supporting its motion [Doc. 157].[1]

All responses have been received by the parties, and no party has expressed disagreement with any of the allegations as contained in XL Speciality's brief. In fact, on March 13, 2009, James D. Bercaw, counsel for Chevron, sent this Court an email stating "Chevron does not oppose the dismissal of its limited third party complaint against XL Specialty Insurance Company. . ." Mr.

---

[1] Specifically, this Court ordered that the parties indicate whether they agreed or disagreed with the following allegations in XL Specialty's brief: (1) "Since that date, discovery has revealed that no factual basis exists for any liability on the part of Chevron which was independent of the ownership and/or use of that platform;" and (2) "The only allegations of fault against Chevron are allegations grounded in Chevron's ownership and operation of the Zulu platform." Any party disagreeing with the foregoing statements was given the opportunity to file a pocket brief setting forth the party's reasons for disagreement, and to cite to where the claims are made against Chevron in the plaintiff's complaint.

Bercaw further stated:

> The sole claim . . . asserted by Chevron in its third party complaint, as amended, against XL was for excess MEL insurance coverage and defense, in Chevron's capacity as an additional insured, to the extent plaintiffs recovered against Chevron under the Jones Act and/or the Death on the High Seas Act. (Docs. 18 & 22.) On November 19, 2008, plaintiffs dismissed their Jones Act and DOHSA claims against Chevron, with prejudice, leaving only platform based claims against Chevron under OCSLA and Louisiana law. (Doc. 115.) As a result, the factual and legal bases for Chevron's claims for additional insured status under Great American's primary MEL policy were removed from this litigation, and Chevron dismissed its third party complaint against Great American, with prejudice. (Doc. 117.) Similarly, after the dismissal of plaintiffs' Jones Act and DOHSA claims, the factual and legal bases for Chevron's claims against XL for excess MEL coverage no longer existed.
>
> In light of the above, Chevron agrees that it is appropriate for the Court to dismiss Chevron's third party complaint against XL for excess MEL coverage.

Considering the foregoing, this Court concludes that no coverage exists – *vis-a-vis Chevron* – under the policy of liability insurance which XL Speciality issued to Qualitech Services, Inc. as a matter of law, and XL Speciality is entitled to summary judgment and a dismissal of Chevron U.S.A., Inc.'s third-party complaint against XL Specialty for excess MEL coverage.

### III. Conclusion

For the foregoing reasons, the "Motion for Summary Judgment" [Doc. 120][2] filed by third-party defendant XL Specialty Insurance Company ("XL Specialty") is GRANTED. This Court concludes no coverage exists – *vis-a-vis Chevron* – under the policy of liability insurance which XL Speciality issued to Qualitech Services, Inc. as a matter of law, and IT IS ORDERED that Chevron U.S.A., Inc.'s Third Party Complaint against XL Specialty Insurance Company is DISMISSED

---

[2] To the extent XL Speciality amended its Motion for Summary Judgment to include a request that the Court dismiss Qualitech's cross-claim against XL Specialty's in Doc. 147, that motion for summary judgment is GRANTED IN PART AND DENIED IN PART, as the Court is only dismissing Chevron's third-party complaint against XL Specialty. This Court is not addressing or ruling on Qualitech's cross-claim against XL Specialty in this ruling.

WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court is in no way addressing the claims raised in the Cross-Claim – or any other claims -- filed by Qualitech against XL Specialty.

THUS DONE AND SIGNED in Lafayette, Louisiana on this 25 day of March, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE