RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JILL P. BROSS, ET AL | CIVIL ACTION NO. 06-1523 |
| VERSUS | JUDGE DOHERTY |
| CHEVRON U.S.A., INC., ET AL. | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment [Doc. 134] filed by Qualitech Services, Inc. ("Qualitech"). Qualitech seeks summary judgment against Evanston Insurance Company ("Evanston") on Qualitech's suit against Evanston, on grounds there are no genuine issues of material fact that (1) "Evanston should supply **contractual defense and indemnity coverage** *to Qualitech and Chevron for the third party complaint of Chevron*"[1] against Qualitech for defense and indemnity as to plaintiff's claims against Chevron, and (2) the Jones Act exclusion contained in the Evanston Policy in favor of Qualitech does not apply to the contractual indemnity coverage. Evanston has filed an opposition brief [Doc. 198], and Chevron, to which this Court has previously ruled Qualitech owes defense and indemnity, has filed a brief in support of Qualitech's position as "an interested party" [Doc. 188]. Qualitech also has filed a reply brief [Doc. 213], as has Chevron [Doc. 217].

After full review of all briefing in connection with the instant motion, it is not clear to this Court whether Qualitech is seeking to enforce its own rights under the Evanston policy, or Chevron's rights, if any, as an additional insured, under the Evanston Policy. As to Chevron's rights, this Court

---

[1] As will become clear within the text of this ruling, this Court has confusion as to how or upon what legal theory Evanston should or could provide *contractual liability coverage to Chevron,* **for Chevron's own third party demand made against Qualitech** within this factual context.

has grave concern as to whether Qualitech has standing to raise – in the contractual and procedural posture presented in this case– the rights of Chevron under the Qualitech/Evanston policy.

Pursuant to the Qualitech/Chevron *contract*, Qualitech is obligated to provide full defense and indemnity for and against plaintiffs' claims against Chevron; Qualitech is, also, obligated to have Chevron named as an additional insured under the Evanston Policy. This Court has previously ruled Qualitech owes Chevron full defense and indemnity for the claims brought by the plaintiffs against Chevron,[2] and no party challenges that Chevron has been named as an additional insured on the Evanston Commercial General Liability policy purchased by Qualitech. Further, no party disputes the Evanston CGL policy contains a contractual liability provision; it is not clear whether that contractual liability provision would, also, apply to additional insureds such as Chevron, however it does not seem that issue is relevant to the immediate inquiry, as Chevron is making no claim against Evanston for coverage for any contractual obligation assumed by Chevron as to a third party.

With the foregoing in mind, it is unclear from Qualitech's motion whether Qualitech is seeking contractual liability coverage for the contractual obligations *it owes to Chevron*, i.e., to defend and indemnify Chevron from plaintiff's claims, or whether Qualitech is attempting to argue the enforcement of *Chevron's* rights, whatever they might be under the Evanston Policy *as an additional insured*, or if Qualitech is attempting to directly "pass through" its obligation, owed by contract to Chevron, to Evanston as Qualitech's insurer, arguing the contractual liability provision. However, any one of the three presents fatal procedural or substantive hurdles for Qualitech at this juncture. If Qualitech were attempting to enforce *its own* rights under the contractual liability portion of the policy, this Court likely would find contractual liability coverage to Qualitech is not

---

[2] *See* Memorandum Ruling and Order, dated August 19, 2009, Docs. 225 & 226.

precluded by the argued limiting language in Section I(2)(b)(1) and the "General Change Endorsement" (the "Jones Act Exclusion"), as argued by Evanston. Notwithstanding the foregoing, however, Qualitech's prayer within its petition, itself, undercuts this result.[3] To the extent Qualitech is attempting to enforce whatever rights *Chevron* might have, in Chevron's own right, as an additional insured under the Evanston policy, this Court has grave concern whether Qualitech has a legal basis to enforce those rights; to the extent Qualitech is attempting to directly "pass through" to Evanston, *as a matter of law*, its contractual obligation owed to Chevron pursuant to the Qualitech/Chevron contract, neither the language of the Evanston contractual liability provision nor the existing procedural posture of Qualitech *vis-a-vis* Evanston, allows such a conflation of separate legal obligations. In short, Qualitech has failed to present this Court with sufficient evidence to show it is entitled to the relief it seeks in the instant motion.

Considering the foregoing,

IT IS ORDERED that Qualitech Service, Inc.'s Motion for Summary Judgment [Doc. 134] is DENIED for failure of Qualitech to carry its burden to show it is entitled to the specific relief requested.

THUS DONE AND SIGNED in Lafayette, Louisiana on this 2 day of September, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] Indeed, in its prayer for relief, Qualitech seeks relief *on behalf of Chevron*, to wit:

> Qualitech seeks an order that, "*as a matter of law, Evanston owes full defense and indemnity to Chevron under the contractual liability coverage in the CGL policy issued to [Qualitech]*." (emphasis added)

-3-