RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 04/29/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JILL P. BROSS, ET AL | CIVIL ACTION NO. 06-1523 |
| VERSUS | JUDGE DOHERTY |
| CHEVRON U.S.A., INC., ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment [Doc. 125] filed by Evanston Insurance Company ("Evanston"). Evanston seeks summary judgment against Qualitech Services, Inc. ("Qualitech") on grounds "Qualitech's claims for bad faith against Evanston lack merit." [1] Qualitech filed an opposition brief [Doc. 189], and Evanston filed a reply brief [Doc. 215]. For the following reasons, Evanston's motion is DENIED.

The factual and procedural history have been set forth in significant detail and prior rulings by this Court and will not be restated herein. Specifically, the parties are referred to this Court's Ruling on Qualitech's Motion for Summary Judgment [Doc. 134] for a comprehensive Factual and Procedural History of the case.

In its Third-Party Complaint against Evanston, Qualitech alleges:

---

[1] This Court notes at a telephone status conference on April 8, 2009, counsel for Evanston affirmatively stated on the record all legal issues presented for review in the instant motion – except for the issue of whether Evanston is in bad faith for failing to provide a full and complete defense to Chevron – are no longer viable issues requiring a ruling from the Court. Because of the foregoing certification from Evanston's counsel, no other party to the lawsuit has filed a responsive brief addressing any other issue contained in Evanston's motion for summary judgment. Thus, all parties, it would seem, relied upon that assertion, and the only issue before the Court at this time in Evanston's motion for summary judgment is the issue of Qualitech's bad faith claim.

> In the event that Evanston does not provide Chevron with full insurance coverage and defense for the claims asserted by the original plaintiffs herein, then *Qualitech* avers that it is entitled to damages for bad faith denial of coverage *under Louisiana law*, as well as expenses, attorneys' fees, and other costs incurred *by Qualitech* as a result of the denial of full insurance coverage and/or defense *to Chevron USA, Inc.*" (emphasis added).[2]

Qualitech does not otherwise specify the source of Louisiana law for its claim for bad faith damages. Qualitech's bad faith claim is based on Evanston's failure to provide *Chevron* with full defense and indemnity for the plaintiff's claims made against Chevron. Rather than provide full defense and indemnity to Chevron, Evanston tendered a conditional *defense* and reservation of rights to Chevron, arguing the contractual liability exclusion and Jones Act exclusion contained within the Evanston Policy. Chevron declined the conditional offer of defense and opted to defend itself in this matter.[3]

1.  **The Arguments of the Parties**

In the instant motion for summary judgment, Evanston seeks dismissal of Qualitech's bad faith claim, including Qualitech's claim for attorneys' fees, on grounds there is no evidence Evanston acted in bad faith in tendering a conditional defense to Chevron pursuant to a reservation of rights.

As an initial matter, due to Qualitech's failure to identify the source of law for its bad faith claim, Evanston "assumes" Qualitech's bad faith claim arises under La. Rev. Stat. §22:658 and La. Rev. Stat. §22:1220, which Evanston states "impose liability on an insurer for the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious,

---

[2] *See* Answer and Third Party Complaint of Qualitech, Doc. 34.

[3] Although Chevron declined to accept Evanston's conditional offer of a defense and opted to represent itself, Evanston has nevertheless voluntarily paid a portion of Chevron's legal fees, subject to its reservation of rights. From this motion, however, it is apparent the parties dispute whether certain fees billed by Chevron pertain to Chevron's defense of plaintiff's' claims. Evanston denies it is required to pay those fees and further claims its refusal to pay such fees should not be the basis for a bad faith claim of Qualitech.

or without probable cause."[4] Under the foregoing statutes, Evanston contends its interpretation of the contractual liability exclusion and the Jones Act exclusion contained within the Evanston Policy was not unreasonable at the time Evanston issued its reservation of rights letter and, presumably, based on positions Evanston has taken in the motion practice, are still not unreasonable.

In response, Qualitech argues Evanston's motion is properly considered under La. Rev. Stat. §22:688, a statute that does not exist. Qualitech further contends Evanston's failure to provide full defense and indemnity to Chevron constitutes bad faith. Qualitech contends under both the contractual liability exclusion and the Jones Act exclusion provisions of the Evanston Policy, it was "bad faith" for Evanston to take the position that coverage was not owed. With respect to partial payment of fees and costs, Qualitech appears to acknowledge Evanston and Chevron might have a legitimate dispute as to whether certain fees are owed by Evanston. However, Qualitech contends Evanston must pay all undisputed amounts. Qualitech contends specific discovery must be done to determine if Evanston has paid all reasonable undisputed charges submitted by Chevron, or if Evanston's failure to pay all costs has been unreasonable. Therefore, Qualitech contends Evanston's motion for summary judgment is premature, a contention Evanston disputes.

2. **The Court's Ruling**

As an initial matter, this Court notes both parties have failed to carry their burdens with respect to presentation of the applicable law governing this motion, and the motion is on that basis, DENIED. Qualitech has failed to identify the source of law for its claim in its Third Party Complaint; Evanston has failed to identify the properly-numbered statutes that govern its motion for

---

[4] This Court notes La. Rev. Stat. §22:658 has been renumbered as La. Rev. Stat. §22:1892, and La. Rev. Stat. §22:1220 has been renumbered as La. Rev. Stat. §22:1973. *See* Acts 2008, No. 415, §1, effective Jan. 1, 2009. Neither brief of either party contains the renumbered statutes.

summary judgment; and, in its responsive brief, Qualitech has identified, as the "governing" statute, a statute that does not exist. The foregoing makes it impossible for this Court to properly evaluate the issues presented to the Court for adjudication.[5] Therefore, the motion is DENIED on this basis.

Additionally, after further consideration of the arguments of the parties, this Court notes it has the same concerns with respect to the instant motion that it had in connection with Qualitech's Motion for Summary Judgment [Doc. 134], that is, it is unclear to this Court whether Qualitech is seeking to enforce its own rights under the Evanston policy, or Chevron's rights under the Evanston Policy. As to Chevron's rights, this Court has grave concern as to whether Qualitech has standing to raise – in the contractual and procedural posture presented in this case – the rights of Chevron under the Qualitech/Evanston policy. Indeed, in its Third-Party Complaint against Evanston, Qualitech alleges "[i]n the event that Evanston does not provide *Chevron* with full insurance coverage and defense for the claims asserted by the original plaintiffs herein, then *Qualitech* avers that *it* [Qualitech or Chevron?] is entitled to damages for bad faith denial of coverage under Louisiana law, as well as expenses, attorneys' fees, and other costs incurred *by Qualitech* as a result of the denial of full insurance coverage and/or defense *to Chevron USA, Inc.*" (Emphasis added).[6] Yet, no evidence of or argument that *Qualitech* has incurred any costs as a result of Evanston's actions has been presented. The foregoing begs the question however: Is Qualitech seeking to enforce the payment of fees that *Qualitech* might incur should Evanston deny coverage to *Qualitech*? Or is Qualitech seeking to enforce payment of fees that *Chevron* might or has incurred should

---

[5] That the parties have attempted to clarify the situation *via* emails to the Court's law clerk does not rectify the situation, as such emails are not included within the Court's record of the case.

[6] *See* Answer and Third Party Complaint of Qualitech, Doc. 34.

-4-

Evanston deny coverage to *Chevron*? Or is Qualitech seeking to enforce payment of fees either Chevron or Qualitech might incur should Evanston deny coverage for the defense owed by Qualitech to Chevron, and/or indemnity for the contractual liabilities Qualitech owes Chevron? Although the Third Party Demand expressly states Qualitech is seeking *"expenses, attorneys' fees, and other costs **incurred by Qualitech** as a result of the denial of full insurance coverage and/or defense to Chevron USA, Inc.,"* there is no indication *Qualitech* has incurred any costs as the result of Evanston's reservation of rights. In fact, the emails attached to Evanston's reply brief in connection with the instant motion show the dispute as to costs incurred is between Evanston and *Chevron*, not Qualitech. Therefore, it appears no argument has been made <u>fees have been incurred by Qualitech to date</u>.

No provision of the Qualitech Chevron Contract or jurisprudence has been cited to provide a legal basis for either Qualitech or Chevron to assert the rights of the other, that is, in the case of this motion, *Qualitech's* right to enforce *Chevron's* rights, as an additional insured, *vis-a-vis* Evanston, or Chevron to enforce any rights of Qualitech under the Evanston policy. Significantly, with respect to the Third Party Complaint of Qualitech, it is unclear to this Court on whose behalf Qualitech is seeking bad faith damages.

In light of the foregoing, this Court finds there are genuine issues of material fact as to whether Qualitech has placed its demand for bad faith damages against Evanston in a proper procedural posture, and, therefore, whether Evanston has breached its obligation owed to *Qualitech*, as opposed to any obligation that might or might not be owed to *Chevron*. Thus, in addition to the fact that the parties have not carried their burdens with respect to providing this Court with the proper governing legal standards for the motion,

IT IS ORDERED that Evanston's Motion for Summary Judgment [Doc. 125] is DENIED in its entirety, as there are genuine issues of material fact as to whether Qualitech has placed its demand for bad faith damages against Evanston in a proper procedural posture, and, therefore, whether Evanston has breached its obligation owed to Qualitech, as opposed to any obligation that might or might not be owed to Chevron.

THUS DONE AND SIGNED in Lafayette, Louisiana on this ___1___ day of September, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE